■ ARLENE MAIONE et al., Appellants, v TOWN OF CLARKSTOWN et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination permitting a change of zoning of the subject premises, the appeal is from (1) an order of the Supreme Court, Rockland County (Kelly, J.), entered March 15, 1982, which, in effect, converted the proceeding to an action for a declaratory judgment and directed plaintiffs to serve an amended complaint alleging special damages, and (2) a judgment of the same court (Cerrato, J.), dated August 24, 1982, which, in effect, granted summary judgment to the defendants dismissing the amended complaint. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Judgment modified, on the law, by deleting therefrom the provision dismissing the amended complaint and adding thereto a provision declaring that the challenged amendment to the zoning ordinance, approved by the Town Board of the Town of Clarkstown on October 13, 1981, is lawful and valid. As so modified, judgment affirmed. Respondents, appearing separately and filing separate briefs, are awarded one bill of $50 costs and disbursements. On or about April 6, 1981 defendant Omni Court, Ltd., as contract vendee, and the Bankers Trust Company, as owner, petitioned the defendant Town of Clarkstown for a change in the zoning of certain property from the existing "PO" zone (professional offices) to an "RG-1" zone (condominium garden apartments). In opposition to the proposed zoning change, two protests were filed pursuant to section 265 of the Town Law. The protests carried the signatures of the owners of more than 20% of the property adjacent to the premises in question. As a consequence, the proposed zoning change could not be enacted except upon "the favorable vote of at least three-fourths of the members of the town board" (Town Law, § 265). On or about September 22, 1981, the town board held a public hearing on the proposed zoning change. After the close of the hearing, the board reserved decision on the proposal. Thereafter, eight of the property owners who had signed the protests submitted a document to the county clerk revoking their signatures. The remaining signatories owned less than 20% of the adjacent property. Accordingly, on October 13, 1981, the town board proceeded to approve the zoning change by a bare majority. Plaintiffs subsequently commenced an article 78 proceeding to review the determination permitting the zoning change. Special Term, finding that an article 78 proceeding was inappropriate to challenge the amendment, converted the proceeding to an action for a declaratory judgment and directed that plaintiffs serve an amended complaint alleging special damages. Plaintiffs did so, and thereafter moved for summary judgment. Special Term, in effect, granted summary judgment to the defendants and dismissed the amended complaint. The primary argument advanced by the plaintiffs is that the eight property owners could not validly revoke their signatures after the conclusion of the public hearing and that, therefore, the resolution amending the zoning ordinance could not have been adopted without the favorable vote of three fourths of the members of the town board. Since the resolution did not receive that vote, plaintiffs contend that the amendment to the zoning ordinance is null and void. We disagree. Nothing in this State's statutory or case law suggests that a signature on a protest such as the one at bar may not be revoked either before or after the public hearing. Indeed, the rule for which plaintiffs contend would run contrary to important considerations of public policy. Section 264 of the Town Law provides that, before an amendment to a zoning law may be enacted, a public hearing must be held so that "parties in interest and citizens shall have an opportunity to be heard". The public hearing is the vehicle through which opposing views can be aired, providing

individuals with the opportunity to persuade the town board and fellow citizens of the merit or lack of merit of a proposed change in the zoning ordinance. That purpose would be entirely frustrated by a rule which prohibited a party from changing his position after the close of the hearing. Accordingly, it has been said that one may *add* his signature to a protest after a public hearing and, indeed, at any time prior to the town board's vote (see 1 Anderson, New York Zoning Law and Practice [2d ed], § 4.31; 20 Opns St Comp, 1964, pp 277-278). In our view, if one may add his signature to a protest after a public hearing, it is equally reasonable that an individual may abandon a protest by revoking his signature therefrom based upon the arguments advanced at such a hearing. In similar contexts, courts have traditionally upheld an individual's right to revoke his signature (see, e.g., *Matter of Gray v Town Bd. of Town of North Hempstead,* 303 NY 575; *People ex rel. Irwin v Sawyer,* 52 NY 296, 299; *Suburban Elec. Light Co. v Town of Hempstead,* 38 App Div 355, 357-358). We see no reason to hold that a signature of a protest like the one at bar may not also be revoked at any time prior to the town board's vote (see *Iannarone v Caso,* 59 Misc 2d 212, affd 33 AD2d 658). Since the revocations here left the protest with the signatures of the owners of less than 20% of the adjacent property, the resolution amending the ordinance was properly approved by a majority vote of the members of the board. Special Term correctly reached that conclusion but, since the proceeding had been converted to an action for a declaratory judgment, the court should not have dismissed the amended complaint but instead should have made an appropriate declaration (see, e.g., *Lanza v Wagner,* 11 NY2d 317, 334, app dsmd 371 US 74). We therefore, modify the judgment accordingly. Mollen, P. J., Lazer, Weinstein and Rubin, JJ., concur.